Argued February 2, reversed with instructions April 30, 1965

# BAUM *v.* REED COLLEGE STUDENT BODY, INC. ET AL AND REED INSTITUTE

401 P. 2d 294

*Duane Vergeer,* Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

*Gerald H. Robinson,* Portland, argued the cause for respondent. With him on the brief were Lent, York and Paulson, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Holman and Lusk, Justices.

PERRY, J.

The plaintiff Pearl Baum is a high school teacher residing in Beverly Hills, California. In March, 1961, the plaintiff, while on Easter vacation, came to Portland, Oregon, for the purpose of visiting her daughter, who was at this time enrolled in Reed College in the city of Portland, and resided in a dormitory upon the campus. Mrs. Baum while visiting her daughter stayed in the dormitory room of her daughter and took her meals on the campus.

Reed College is a private liberal arts college and no arrangements were made with the college authorities for Mrs. Baum's visit, nor was any express invitation sent by the college requesting her to visit her daughter.

On March 29th, plaintiff had packed her personal things and was prepared to take a late evening plane to her home in California. While waiting for the time to arrive for departure to the airport, the plaintiff's daughter and some student friends invited the plaintiff to come and watch some folk dancing which was a student activity occurring on certain evenings in the Student Union Building. The dancing was held in a large room that was also used for student stage

plays. The stage, which was along one end of the room, had a raised platform thirty-one inches above the floor. The platform had a plain wood floor and across the front of the stage, resting on the room floor, were two heavy benches, each eleven feet seven inches in length and two feet and one-half inches wide, used as a step for getting onto the stage.

When the plaintiff and her daughter arrived at the dance, the dance was in progress. There were fifty or more students present and the davenports about the room were all occupied. These dances apparently were not a regular part of the school's curriculum and they were not supervised by the school. The plaintiff took a seat on one of the benches with some of the students. While she was there, a period of about one-half hour, she danced with one of the students and then returned to her seat on the bench. There was a record player on the stage and the plaintiff's daughter and several students were on the stage. Among these students on the stage were two boys, Jim Stewart and Leonard Riley. Leonard weighed about 200 pounds and was wearing rubber soled Japanese thong-type sandals. He was standing near the edge of the platform and was teetering or balancing back and forth on his sandals. The plaintiff's daughter and Jim Stewart were standing on the stage talking with Leonard when Jim poked his finger at Leonard's stomach and Leonard fell backward off of the stage onto the plaintiff seated on the bench. Plaintiff received quite severe injuries.

Prior to this occurrence there had been no rowdyism, rough horse play or disturbance, fighting or scuffling of any manner.

The plaintiff brought this action for damages and after both sides had rested, the defendant Reed Insti-

tute moved for a directed verdict in its behalf which was denied and the jury returned a verdict for the plaintiff. From the judgment entered the defendant Reed Institute appeals.

The defendant contends that plaintiff was a licensee and accepted the premises as she found them. The plaintiff contends that, since the daughter was a paying student at the college and both the college and the plaintiff had an interest in the education of the daughter, the plaintiff was an invitee upon the premises of the college.

The defendant also contends, if it be assumed that plaintiff's status was that of an invitee, that the evidence considered in its most favorable light on behalf of the plaintiff fails to show the violation of any duty owed by defendant to plaintiff.

It is unnecessary for us to determine whether the status of the plaintiff was that of an invitee or licensee. Assuming she was an invitee, the evidence does not disclose that defendant failed in its duty to use reasonable or ordinary care for her protection.

There is not an iota of evidence that the premises were not in a reasonably safe condition. There were no hidden or concealed perils of any kind which produced the injury complained of. The evidence clearly discloses that the cause of plaintiff's injuries was the falling of the boy from the stage, due either to actually being poked in the stomach or a reflex action.

■ An owner of premises is not an insurer of the safety of an invitee against injuries inflicted by other persons on the premises. *Gross v. Wiley*, 231 Or 421, 373 P2d 421.

■ Assuming even that this private activity (using the Student Union Building by the students for folk dancing) could be considered as premises held out to

the public for entry for business purposes, it is well-established in this state that a landowner is only liable for the acts of third persons if the possessor of the land could have by the exercise of reasonable care "discovered that such acts were being done or were about to be done" and then have protected the invitee by "controlling the conduct of the third persons" or giving the invitee adequate warning of the danger. *Gross v. Wiley,* supra; *Boardman v. Ottinger,* 161 Or 202, 88 P2d 967.

There is no evidence in this case that the students at Reed College were ever rowdy or rough at these dances, either in the past or at the time of the injury to the plaintiff.

■ In the absence of any evidence that would put a reasonable person on notice that supervision for these dances or this dance was necessary, there are no facts which would charge this defendant with the duty to discover that acts of rowdyism "were being done or were about to be done."

In the absence of facts which would put a reasonable person upon notice, there was nothing to submit to the jury.

The judgment is reversed with instructions to enter judgment for the defendant Reed Institute.