Argued and submitted June 5, affirmed in part; reversed
in part; and remanded for new trial December 30, 1981,
reconsideration denied February 11,
petition for review allowed April 6, 1982 (292 Or 825)

## MILLER,
*Appellant,*

*v.*

## GEORGIA-PACIFIC CORPORATION et al
*Respondents.*

### (No. 40560, CA 18589)

637 P2d 1354

Robert H. Grant, Medford, argued the cause for appellant. With him on the briefs was Grant, Ferguson & Carter, Medford.

Robert L. Cowling, Medford, argued the cause for respondent Georgia-Pacific Corporation. On the brief were Brian L. Pocock and Cowling, Heysell & Pocock, Medford.

Daniel M. Holland, Eugene, argued the cause for respondent Consolidated Equipment Sales, Inc. With him on the brief was Jaqua & Wheatley, P.C., Eugene.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In an action for damages for personal injuries, plaintiff appeals from an adverse judgment after entry of directed verdicts for defendants on plaintiff's counts for negligence and liability under the Employers' Liability Act (ELA). Plaintiff assigns error to the following acts of the trial court: (1) directing a verdict for defendant Georgia-Pacific (G-P) on the negligence and ELA counts; (2) directing a verdict for defendant Consolidated Equipment Sales, Inc. (Consolidated), under similar negligence and ELA counts; (3) striking plaintiff's allegations pertaining to violations of the "Safety Code for Places of Employment" promulgated by the Workers' Compensation Board; (4) striking plaintiff's allegations pertaining to G-P's failure to use a hydraulic lift; (5) striking allegations pertaining to defendants' movement of an unstable and unsafe load; (6) exclusion of plaintiff's expert testimony concerning safety code violations; and (7) exclusion of plaintiff's expert testimony on the negligence issue.

There is essentially no dispute about the following facts. In August, 1976, G-P ordered a crawler tractor equipped with a "chip dozer," a bulldozer designed for moving wood chips, from Consolidated, a Texas corporation, doing business in Oregon as Northwest Roads, Inc. The blade of the chip dozer was manufactured by Medford Steel Division, CSC, Inc. (Medford), which employed plaintiff as its general manager and vice president. Consolidated delivered the unit with blade to G-P in February, 1977, and warranted the blade against breakage for one year. After five days of operation, the blade required repair. G-P contacted Consolidated, which had Medford repair the blade. After five more days of operation, the cutting edge of the blade broke loose. G-P's maintenance supervisor (Kirkland) contacted Consolidated's service manager (Privat), who contacted someone at Medford. It was arranged for plaintiff to see the broken blade at the G-P plant. On March 16, 1977, plaintiff visited the site. Present were plaintiff, one other Medford employee, Kirkland, Privat and another Consolidated employee. The cutting edge, 28-feet long and one-foot wide, weighing 1400 pounds, was buried in a pile of chips; protruding was a six-foot strut. Plaintiff asked to see the blade. Privat directed his Consolidated employee to

pull the blade out of the pile of chips with a pick-up truck by attaching a chain to the strut. Plaintiff was standing about 15 to 20 feet away from the strut. When the pick-up jerked forward, a 14-foot section of the blade swung sideways up out of the pile, struck plaintiff in the legs and fractured both his ankles.

■     Plaintiff contends the granting of a directed verdict for G-P on the negligence ground was error, because a reasonable person could find that G-P breached its duty of care. To establish the duty allegedly breached, plaintiff cites a number of cases[1] involving the duty of a landowner or possessor to prevent or warn of the negligent acts of third parties, as described in the Restatement (Second) of Torts § 344 (1965).[2] The applicability of that section, however, is limited by its terms to possessors of land holding the premises open to the public for business purposes. That was not the case here.[3] The premises were not open to the public, and plaintiff was on the premises to inspect a condition of which he was aware. As explained in the Restatement (Second) of Torts § 343A, comment (e) (1965):

> "Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them."

Plaintiff contends that an exception to § 343A applies here when "the possessor should anticipate the harm despite

---

[1] *See, e.g., Dawson v. Payless for Drugs,* 248 Or 334, 338, 433 P2d 1019 (1967); *Baum v. Reed College Student Body,* 240 Or 338, 342, 401 P2d 294 (1965); *Boardman v. Ottinger,* 161 Or 202, 206, 88 P2d 967 (1939).

[2] Restatement (Second) of Torts § 344 (1965), provides:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

> "(a)  discover that such acts are being done or are likely to be done, or

> "(b)  give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

[3] Restatement (Second) of Torts § 332 (1965) distinguishes "public invitees" from "business visitors." Comment (e) explains: "As is stated in §§ 344 and 359, there are occasional instances where a possessor may be under a greater duty to those who enter as invited members of the public."

such knowledge or obviousness." This is not, however, a case where either a condition of the land or an activity conducted by G-P caused harm to plaintiff. Rather, the immediate cause of the harm was an activity of Consolidated over which G-P exercised no control. Under the circumstances, even when they are viewed most favorably to plaintiff, G-P could not reasonably have been expected to anticipate the accident which resulted from the manner in which a third party conducted its activity.

■ As to G-P's liability under the ELA, in *Wilson v. PGE Company*, 252 Or 385, 448 P2d 562 (1969), the Supreme Court stated:

> "Though defendant had employees on the project who were engaged with plaintiff in the furtherance of a common enterprise, and defendant could thus be said to have had a measure of control over the enterprise, this control created no risk of danger which resulted in plaintiff's injury. We do not construe the ELA to impose a duty upon each employer, engaged in a common enterprise with another, to make safe the equipment and method of work of the other, even though both have a measure of control over the activity in which they are jointly engaged." 252 Or at 391.

Here, although it is argued by plaintiff that G-P had its maintenance supervisor on the scene in furtherance of the broad enterprise of seeing that its broken part eventually be repaired, that measure of control created no risk of injury which resulted in plaintiff's injury. There is no evidence that Kirkland took any part in moving the blade or that he exercised any direction over the method employed.[4] In a sense, it was fortuitous that the accident took place on G-P property. The common enterprise was that of Consolidated and Medford in inspecting and repairing the broken part. G-P thus did not have a duty under the ELA to make safe the moving of the broken blade by Consolidated.

Plaintiff cites *Metcalf v. Roessel*, 255 Or 186, 465 P2d 699 (1970), to support the proposition that the occupier of land, without more, has a duty under the ELA to keep the premises safe. In *Metcalf*, the Supreme Court stated that

---

[4] Plaintiff did not allege G-P had a duty to uncover the blade from the pile of chips.

the control of the premises upon which the plaintiff was injured amounted to sufficient control over the work the plaintiff was performing to bring the defendant within the purview of the ELA. 255 Or at 190. The defendant was in charge of loading logs on plaintiff's truck. Placing of binders on the load was part of the loading process. In order to free the loading dock for other trucks, however, the defendant directed the plaintiff to another area to place three out of four binders on the load. En route to this area, a tree fell and struck the cab of the plaintiff's truck. The Supreme Court reasoned that the "plaintiff's duties required him to expose himself to the hazards of an area which defendants had adopted and had designated as a place to perform those functions normally connected with the loading in the landing area." 255 Or at 191. Hence, although the opinion refers to control of the premises, the court's decision actually turns on control over the work, an element lacking in this case. The trial court did not err in directing a verdict for G-P.

■     With regard to Consolidated's liability under the ELA, plaintiff argues that the key requirements necessary to impose liability on indirect employers are present here: the right and duty of control, a common enterprise and an inherent risk or danger. Viewing the evidence most favorably to plaintiff, we conclude that a reasonable person could find that Consolidated controlled the moving of the blade in pursuit of a common enterprise (inspection and ultimate repair of the broken blade) and that movement of a 28-foot cutting edge weighing 1400 pounds was specially dangerous. Consolidated argues, however, that because plaintiff was a foreman in charge of the moving operation, he was responsible under ORS 654.315[5] for seeing that the provisions of the Act were met and, hence, is barred from recovery under the "vice-principal" rule. *See Howard v. Foster & Kleiser Company,* 217 Or 516, 543, 332 P2d 621, 342 P2d 780 (1959). In *Howard,* the injured party was a journeyman bill poster who fell from a ladder, which the court held he had a duty to inspect.

---

[5] ORS 654.315 provides:

"The owners, contractors, subcontractors, foremen, architects or other persons having charge of the particular work, shall see that the requirements of ORS 654.305 to 654.335 are complied with."

Here, although plaintiff chose not to exercise actual supervision over the manner of extricating the blade from the pile of chips, we are of the view that he was nonetheless in charge of the job of inspection. Plaintiff came there solely to inspect the blade for the purpose of ultimately discharging his employer's duty to repair it. Had the moving proceeded in a manner which further jeopardized the blade, plaintiff would have had authority and perhaps a duty to his employer to object. Plaintiff also contends that the vice-principal rule is inapplicable to cases involving indirect employers. We do not see why that should be so, for the ELA itself is applicable to indirect employers, and the vice-principal rule is simply a defense to liability under that enactment. We conclude the trial court did not err in removing the ELA count from the case.

■       As to Consolidated's liability for common law negligence, the trial court held that the event was not reasonably foreseeable.[6] In *Morris v. Douglas Co. S. D. No. 9,* 241 Or 23, 26, 403 P2d 775 (1965), the court held that it was a question of fact for the jury whether injury inflicted by a log uplifted by a large wave causing it to roll upon a school child on a beach field trip was reasonably foreseeable. Here, we cannot say as a matter of law that lateral movement of a large, heavy blade buried in a pile of wood chips which occurred upon the blade's being jerked forward by a chain hooked to a pick-up truck and that resulted in injury to plaintiff was not reasonably foreseeable. Moreover, lack of control in the operation of a motor vehicle has been held to be a question for the jury. *See Miller v. Harder,* 240 Or 418, 421, 402 P2d 84 (1965). There was evidence here that the driver of the pick-up did not look

---

[6] The trial court remarked after allowing the directed verdict motions with respect to both G-P and Consolidated:

"I am doing this because I feel that: one, there is the Plaintiff [who] was primarily liable or primarily negligent in that he failed to see that the operation was carried out safely under his duty as a foreman or supervisor; two, that the Plaintiff has failed to establish that there was any unreasonable risk of harm to the invitees; that the Defendant Georgia-Pacific and Defendant Consolidated Equipment were not aware of any condition, and under reasonable exercise of care would not have discovered any condition which involved any unreasonable risk of harm to the invitee the Plaintiff; that the Plaintiff was aware of what was going on, and no one present in [any] way was aware of any danger and there was no danger to the Plaintiff or anyone else there that was foreseeable when the operation was carried off."

back between the time he started it with a jerk and the time plaintiff was struck with the cutting edge of the blade. We hold there was a jury question on the issue of Consolidated's common law duty to exercise due care in the movement of the blade.[7]

■■ We turn to the remaining assignments. Because we hold that the rulings for each defendant on the ELA counts were proper, assignments three and six regarding allegations of the safety code and testimony about the safety code violations are moot. Because G-P is out of the case, assignment four regarding availability of a hydraulic lift is also moot. With respect to expert testimony on the ultimate issue of negligence, assignment seven, the trial court's ruling excluding that was discretionary, and plaintiff has not persuaded us that the trial court abused its discretion. *Ritter v. Beal,* 225 Or 504, 525, 358 P2d 1080 (1961). We agree, however, with plaintiff's contention that the allegations of common law negligence regarding allowing an unstable and unsafely arranged load to be moved should not have been stricken. Whether the broken blade was unstable and Consolidated negligent in attempting to move it are questions of fact for the jury.

Affirmed in part; reversed in part; and remanded for new trial consistent with this opinion.

---

[7] Consolidated has not argued that, because plaintiff was a repairman, no common law liability results. *See Esko v. Lovvold,* 272 Or 27, 30, 534 P2d 510 (1975). In any event, whether plaintiff came to repair or simply to inspect is also a question of fact.