KAUFFMAN,
*Appellant,*

*v.*

L. D. MATTSON, INC.,
*Respondent.*

(122988; CA A23485)

657 P2d 720

Leo R. Probst, Portland, argued the cause for appellant. With him on the briefs was Carney, Probst, Cornelius & Buckley, Portland.

J. P. Graff, Portland, argued the cause for respondent. With him on the brief were Ridgway K. Foley, Jr., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover damages for injuries he sustained while working on the construction of a parking structure. He alleged that defendant, the general contractor for the construction project, is liable under the Employers' Liability Act (ELA) (ORS 654.305 *et seq* ) and for negligence. The trial court granted summary judgment for defendant, and plaintiff appeals. We reverse.

■     Plaintiff's employer was engaged as a subcontractor to furnish and install reinforcing steel for the structure. Plaintiff was injured when he fell from a section of the structure approximately 14 feet above the ground, where he and another employe of the subcontractor were placing a reinforcing rod. Although defendant had installed safety rails on certain other elevated areas of the structure, there was no rail at the location from which plaintiff fell. The parties agree that defendant was responsible for the placement of safety rails. They also agree that plaintiff was the foreman for the subcontractor for purposes of installing the reinforcing rod. The principal issue is whether, in light of those facts, plaintiff is barred by the "vice-principal rule" from recovering under the ELA.

That rule, as explained in *Skeeters v. Skeeters,* 237 Or 204, 223-24, 389 P2d 313, 391 P2d 386 (1964), is that a foreman or other vice-principal "has the same duty as a principal in providing a safe place to work and if his injuries result from his inattention to that duty he cannot hold his employer liable." *See* ORS 654.305; ORS 654.315. In addition to their application in the employer-employe context, the ELA and the vice-principal defense are also applicable in some situations where the defendant is an "indirect employer" of the plaintiff. *Wilson v. P.G.E. Company,* 252 Or 385, 448 P2d 562 (1968); *Miller v. Georgia-Pacific Corp.,* 55 Or App 358, 364, 637 P2d 1354 (1981), *rev allowed* 292 Or 825 (1982).[1]

Plaintiff argues that, because neither he nor his immediate employer was responsible for the installation of safety rails, the vice-principal rule does not bar his recovery against defendant. Defendant concedes that it was

---

[1] Defendant does not argue that this is not among the categories of indirect employer situations to which the ELA applies.

responsible for placing the rails and that plaintiff and his employer had no duty in connection with their installation. However, defendant argues that plaintiff, as foreman on the reinforcing rod installation job, was responsible under the ELA for insuring that the job was not performed under unsafe conditions, even though he had no specific duty to make the conditions safe. Defendant concludes that plaintiff, as defendant's indirect employe and as a person in a supervisory position, breached a duty "not to work in an area where safety railings were absent" and is therefore precluded by the vice-principal rule from recovering against defendant under the ELA. The trial court agreed with defendant.

The only Oregon case we find that appears to deal with a similar issue is *Blaine v. Ross Lbr. Co., Inc.,* 224 Or 227, 355 P2d 461 (1960). The plaintiff in *Blaine* was a log-truck driver whose immediate employer was the log shipper rather than the defendant saw mill operator. He was injured by a malfunctioning winch while unloading a shipment of logs at the defendant's mill. Although an employe of the defendant was assigned to operate the equipment during the unloading process, it was the custom at the mill that the drivers themselves would operate the equipment, as well as unload the logs when the defendant's employe was performing other duties. After concluding that the plaintiff was an employe of the log shipper and therefore could have an ELA cause of action against the defendant for injuries caused by the equipment, the court rejected the defendant's argument that the plaintiff was barred from recovery by the vice-principal rule:

> "Finally, the defendant suggests that the plaintiff was a vice-principal, arguing that plaintiff's duty to release the binder chains holding his load of logs implied a duty to make sure that all safety measures incident to this task were carried out. We have held that a vice-principal can not maintain an action for injuries incurred by his own failure to carry out duties delegated to him by his employer. *Howard v. Foster & Kleiser,* 217 Or 516, 332 P2d 621, 342 P2d 780 (1958); *Galer v. Weyerhaeuser Timber Co.,* 218 Or 152, 344 P2d 544 (1959). However, the evidence here is conclusive that plaintiff did not have a duty to inspect or repair the winch machinery." 224 Or at 240.

Although the discussion of the vice-principal rule in *Blaine* is cursory, the case *seems* to stand for the proposition that the rule does not apply to injuries suffered by an indirect employe from an instrumentality controlled by his indirect employer that the employe has no duty delegated by his indirect or immediate employer to install, maintain or inspect.

Defendant argues that, although plaintiff had no such delegated duty with respect to the safety rails, he had a general duty under ORS 654.305 and 654.315[2] to insure that he and his crew did not work under unsafe conditions and that his breach of that duty absolves defendant as his indirect employer from ELA liability to him. That argument appears to have been rejected in *Blaine,* and there is a clear problem with it: it would make plaintiff defendant's vice-principal for purposes of *discovering* that defendant had failed to perform a duty that it owed plaintiff and others, when plaintiff was not defendant's vice-principal for purposes of *performing* that duty. We do not think the vice-principal rule was intended to confer immunity on indirect employers solely because the injured employe is the foreman of another employer, when the employe has no delegated supervisory duties related to the safety measures for which the indirect employer is responsible.

Defendant relies on *Howard v. Foster & Kleiser Co.,* 217 Or 516, 332 P2d 621, 342 P2d 780 (1958), and *Galer v. Weyerhaeuser Timber Co. et al,* 218 Or 152, 344 P2d 544 (1959), and states:

"To clinch the matter, at least two cases have sustained the vice-principal defense where plaintiff had no duty to

---

[2] ORS 654.305 provides:

"Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

ORS 654.315 provides:

"The owners, contractors, subcontractors, *foremen,* architects or other persons having charge of the particular work, shall see that the requirements of ORS 654.305 to 654.335 are complied with." (Emphasis supplied.)

make the work site, condition, operation or equipment safe. \* \* \* The duty breached was to inspect equipment (in *Howard,* a ladder, and in *Galer,* a scaffold) and avoid using it if found unsafe. These latter cases demonstrate that the vice-principal defense does apply where, as here, the duty breached is to avoid working under conditions found or known to be unsafe."

In *Howard* and *Galer,* however, the analysis of the vice-principal rule related to the plaintiffs as foremen for their immediate employers; in that context, the employers could have no duty under the ELA that the plaintiffs did not share. It does not follow that a supervisory employe for another employer is the vice-principal of his *indirect* employer for *all* purposes. For the reasons we have stated, plaintiff's status as his immediate employer's foreman did not in itself make him defendant's vice-principal in connection with the events resulting in his injury. We therefore reverse the summary judgment for defendant and remand for further proceedings.[3]

■     The parties raise one other issue that warrants discussion, *i.e.,* the status of plaintiff's common law negligence count. Defendant argues:

"Plaintiff has not assigned error to the entry of judgment on his common law count. Therefore, that issue is not before the court on appeal. \* \* \* Indeed, plaintiff now characterizes his action as 'this employer's liability law action.' Apparently, then, he has acquiesced in the judgment on the common law count." (Citations omitted.)

We disagree. Rightly or wrongly, the parties and, apparently, the trial judge considered a ruling for defendant on the ELA count to be dispositive of the entire action. The portion of the record plaintiff sets out in his assignment of error, after reciting the court's ruling on the ELA claim,

---

[3] The only stated basis for the trial court's ruling that the vice-principal defense applied was that plaintiff was a supervisory foreman for his employer and "although he had no duty to erect a safety railing, he was obligated to provide for the safety of himself and his crew by not working where no safety railing was present." As we have indicated, we disagree with the trial court's conclusion that, without more, plaintiff's status as a supervisory foreman for *his* employer means that, as a matter of law, the vice-principal rule bars his recovery against defendant. We do not address here what other questions of fact or law remain to be considered on remand in connection with plaintiff's ELA count.

states "[t]herefore, Plaintiff is barred from recovery." The negligence count was never independently ruled on, and the assignment of error is sufficient to preserve the plaintiff's right to have it tried on remand.

Reversed and remanded.