HEMLOCK 6400 TIRE Co. *et al. v.* JOHN C. McLEMORE *et al.*\*

• (*Nashville.* December Term, 1924.)

LICENSES. Ford roadster with box substituted for tonneau not ''truck,'' within registration statute.

Ford roadster with wagon shaped box substituted for tonneau, as distinguashed from type designated "truck" by factory, used chiefly for commercial purposes to carry tools and light articles, but no freight, *held* not a truck, within Pub. Acts 1919, chapter 149, section 15, as amended by Pub. Acts 1923, chapter 108, providing for registration of automobiles and fixing fees; intent being to distinguish heavy, slow-moving, freight vehicles causing heavy road wear, according to manufacturers' classification, and a "truck" being a strong vehicle for transporting freight, merchandise, and other heavy articles.

Acts cited and construed: Acts 1919, ch. 149; Acts 1923, ch. 108.

---

\*Headnote. Licenses, 37 C. J., Section 82 (1926 Anno).

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —HON. ISRAEL H. PERES, Chancellor.

L. D. BEJACK, for Tire Co.

J. P. M. HAMNER, for McLemore.

Mr. Justice Chambliss delivered the opinion of the Court.

Construction is invoked by this proceeding of section 15 of chapter 149, Acts of 1919, as amended by chapter 108, Acts 1923, by which registration of automobiles is provided for and the fees fixed. It is insisted for the complainant, which operates an automobile tire business in Memphis, that the small cars used by it, particularly in emergency road work, are not subject to the tonnage charge applying under the act to "all motor trucks." A stipulation of fact in the record describes the type of car in question, and its use by the complainant. Therefrom it appears that the cars in question are of the standard Ford roadster type, from which the complainant has in part removed the rear deck, or tonneau, and substituted a small wagon body shape suitable for conveniently carrying small packages, such as tires and tools. It appears that the manufacturer, the Ford Company, builds and sells to the trade a type of car which it classifies and designates as a "truck." This car is much heavier than the roadster type, is of stronger construction, using larger and wider tires, and different gear ratio, and is generally constructed with a view to heavier hauling. The Standard Dictionary defines "truck" as "a strong vehicle . . . for transporting freight, merchandise, and other heavy articles." The stipulation recites that no freight is hauled in these small cars of complainant.

The act of 1919 provides for a tax, or fee, on all automobiles or other vehicles propelled by mechanical power, including trucks, of fifty cents per rated horse power, and it further provides, as follows:

"For all motor trucks, freight or passenger . . . an additional fee of five ($5) dollars per ton for each ton carrying capacity (factory rating)."

Are cars of the type used by complainant to be taxed as "motor trucks" under this section? We agree with the chancellor that they are not to be so classified and taxed. As already suggested, the manufacturer makes a classification of cars made and sold by it, and clearly complainant's cars do not come within the manufacturer's classification of trucks. That the legislature intended to follow the manufacturer's classification is indicated by the direction which the statute gives that "factory rating" shall be the basis used in fixing the tonnage.

While these cars are used as converted by the owner for the carrying of small packages, the limited weight and bulk of the packages thus carried is not suggestive of the common conception of truck hauling. It is quite apparent that the legislature intended to recognize and deal with two distinct classifications of motor propelled vehicles. One, the automobile as commonly known, and associated always with ideas of rapidity of movement and physical comfort; second, the truck, quite generally associated with the ideas of strength, weight, carrying capacity, slow speed, and consequent extra road wear. All definitions of the word "truck" carry clearly these ideas of the vehicle thus described.

Despite the fact that it is used chiefly for commercial purposes, and occasionally conveys small or light weight packages to customers, the especial type of cars described in the stipulation is in none of the above particulars of the "truck" class; the sole differentiation from the au-

tomobile proper being the substitution of a bed of restricted size for the deck, or tonneau, factory equipment. It is quite obvious that the classification intended by the legislature is not that of commercial as against pleasure use, for standard body equipped automobiles are in constant use for commercial purposes, while cars with the type of substituted body herein described are very commonly used for pleasure riding, or for both purposes.

The decree of the chancellor will be affirmed.