No. 17,001.

GOSSARD *v.* WATSON ET AL.
(261 P. [2d] 502)

Decided September 21, 1953.

. Mr. ALLYN COLE, for plaintiff in error.

Mr. SID PLEASANT, Mr. FRED A. VIDEON, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

In the trial court Gossard was plaintiff, and Mildred R. Watson and Chester C. Watson were defendants. We will herein refer to the parties as they appeared in the trial court, or by name.

Review is sought by plaintiff of an adverse judgment rendered pursuant to a jury verdict in his action for damages resulting from a collision between a coal truck belonging to defendants and a Ford pickup belonging to plaintiff.

To plaintiff's complaint alleging negligence on the part of defendants and their agents, the defendants filed an answer denying negligence on their part and interposed a cross-complaint based on their allegation that the operator of the plaintiff's vehicle was negligent, and for damages done to their truck and the loss of its use defendants prayed for damages against plaintiff.

It is undisputed that plaintiff, at the time of the accident, was traveling south in a Ford one-ton pickup being driven by his employee Sandoval; that the vehicle in which they were riding followed a large truck belonging to defendants and driven by one of defendants' drivers. Plaintiff's vehicle was followed by a second large truck also owned by defendants and operated by one of defendants' employees. A short distance south of the Yampa river bridge, just as the lead truck caught up with a trash wagon going in the same direction, the lead truck driver saw a loaded coal truck, also owned by defendants, approaching around a curve in the road ahead of him and brought his truck to a stop, or near stop, behind the trash wagon. As this was taking place, plaintiff's pickup suddenly swung out from behind defendants' lead truck and went diagonally across the other traffic lane where it was struck by the northbound truck, with resultant injury to plaintiff and damage to

the pickup, and also damage to the northbound coal truck owned by defendants.

Plaintiff and his witnesses testified that the truck of defendants, which was behind his vehicle on the road, struck the plaintiff's pickup and forced it onto the wrong side of the road and into the path of the oncoming coal truck of defendants. Defendants' witnesses denied that the pickup was struck from the rear.

It may be here observed that this is the second time this case has been before us, the other decision being in *Gossard v. Watson,* 122 Colo. 271, 221 P. (2d) 353.

Plaintiff's counsel specifies that there was error in the giving and refusal of certain instructions. The trial court instructed the jury: Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway. Drivers of vehicles proceeding in opposite directions shall pass each other to the right. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. The driver of any motor truck or motor truck drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within 300 feet of another motor vehicle or motor truck drawing another vehicle. The provisions of this subdivision shall not be construed to prevent overtaking or passing. In the instruction appropriate reference was made to the Colorado statutes by chapter and section of each separate subdivision of the instruction.

This instruction was objected to by counsel for plaintiff. Assuming that the plaintiff was riding in a "motor truck," we fail to see how the fact that he was within a distance of 300 feet of the lead truck could be construed as negligence or contributory negligence, proximately causing the accident under the facts in the instant case. Taking plaintiff's theory of the case closeness of operation could not possibly effect defendants' liability be-

cause if Gossard's pickup was pushed from the rear into the path of the northbound coal truck, liability necessarily followed. However, if the Gossard pickup went into the path of the oncoming coal truck on its own power, there was no liability on the part of defendants.

It is obvious that the first two sentences of the foregoing instruction correctly quote the statute and are pertinent to the facts in the instant case. The liability of the respective parties depends on a determination by the jury of whether or not there was negligence and if so, who was guilty thereof. Such negligence had to be the proximate cause of the accident, and under no circumstances could the fact that the plaintiff's pickup immediately prior to the accident was within a distance of 300 feet of the lead truck be construed as negligence or contributory negligence proximately causing the collision. In submitting this instruction to the jury the trial court erred. In *Gossard v. Watson et al.*, supra, we said: "If we assume that plaintiff's pickup is a motor truck, within the meaning of the statute, notwithstanding the persuasive reasoning in *Gaumnitz v. Indemnity Insurance Co.*, 2 Cal. App. (2d) 134, 37 P. (2d) 712, and further assume that plaintiff was not within the statutory exception in that he was overtaking the lead truck with the purpose of passing it at first favorable opportunity, *still the violation of the statute is not actionable negligence unless it is a proximate cause of the accident* (*Colorado Springs Co. v. Allen*, 55 Colo. 391, 135 Pac. 790), and if the accident was caused, as plaintiff and his driver testified, by their vehicle being struck by defendants' truck, their proximity to the truck ahead need not be a bar to recovery." (Emphasis supplied.) Having thus clearly enunciated the rule in this very case, the trial court should have followed what we there said.

Plaintiff's counsel contends that the vehicle in which plaintiff was riding on the day of the accident was not a "motor truck" within the meaning of Colorado Session Laws, 1945, chapter 80.

Evidently the General Assembly in enacting this statute had in mind "motor trucks" carrying heavy weights, or designed for transporting heavy loads. Normally these are vehicles of large size used for the purpose of transporting heavy materials and merchandise, as distinguished from an ordinary automobile with a wagon-shaped body such as plaintiff was using at the time of the accident as a means of personal transportation. Plaintiff's pickup was not a "motor truck" within the meaning of the statute. *Gaumnitz v. Indemnity Insurance Co.*, 2 Cal. App. (2d) 134, 37 P. (2d) 712; *Hemlock 6400 Tire Co. v. McLemore*, 151 Tenn. 99, 268 S.W. 116; *Paltani v. Sentinel Life Insurance Co.*, 121 Neb. 447, 237 N.W. 392.

The instant case is a striking example of the fact that the recital of isolated sections of the statutes in instructions without explanation or consideration of the facts shown by the evidence may confuse the jury.

■ In instruction No. 9, as given to the jury, is contained the statutory definition of reckless driving. This definition had no place in these instructions. The issue was not whether the driver of the Gossard pickup was guilty of a misdemeanor but whether he was negligent.

No one remotely claims that there was any excessive speed on the part of any car or truck involved in this accident. Plaintiff claimed his vehicle was pushed into the traffic lane of the oncoming coal truck. Defendants denied this and said their other truck did not contact the Gossard pickup.

■ A careful review of the evidence in this case fails to disclose any evidence indicating a "wilful or wanton disregard for the safety of persons or property" on the part of plaintiff's driver, and this portion of instruction No. 9 should not have been given the jury.

Because of errors in the instructions, the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Mr. Justice Clark not participating.