No. 19,501.

E. H. LAMBOTTE *v.* ARTHUR PAYTON.
(363 P. [2d] 167)

Decided July 3, 1961.

Mr. MORRIS RUTLAND, for plaintiff in error.

Mr. EDWARD B. ALMON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties by name. The cause is here on writ of error issued upon the application of Lambotte who, as plaintiff in the trial court, joined Arthur Payton and Dorothy Johnson as defendants in the action in which he sought to recover damages resulting from an automibile collision between his car and one driven by Dorothy Johnson. The trial of the case resulted in the entry of judgment in favor of Payton, the trial court holding that the evidence relating to the conduct of Payton failed to establish that the negligence

attributed to him was the proximate cause of the accident. As to the claim of Lambotte against Dorothy Johnson, the trial court entered judgment against Johnson who sought review on separate writ of error. That case is decided as of even date herewith. (Dorothy Johnson v. E. H. Lambotte, 147 Colo. 203, 363 P. (2d) 165. Facts set forth in that case are pertinent in the instant action and will not be repeated here.

In addition to the facts set forth in that opinion the record discloses that Arthur Payton was driving an automobile on October 25, 1957, at about 10:00 A.M.; that he was making a delivery at a residence numbered 845 Cook street; that he stopped the car he was driving, got out without stopping the engine, without locking the ignition and without removing the key; that he was at all times within approximately fifteen feet of the automobile and was absent from the car for about one-half a minute. During this brief absence Dorothy Johnson appropriated the car and drove it away. The accident complained of by Lambotte followed, the circumstances of which are more fully set forth in *Johnson v. Lambotte,* supra.

Lambotte argues as a basis for reversal of the judgment that Payton violated an ordinance of the City and County of Denver which reads as follows:

"Unattended motor vehicle. — No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

While it is true that the violation of an ordinance adopted for the safety of the public may be negligence per se, it is nevertheless essential to a recovery of damages based upon such violation to establish that it was the proximate cause of the injury complained of. The violation of a statute or ordinance enacted for the

protection of persons or property does not ipso facto import liability unless the violation be shown by proper proof to have been the proximate cause of the injury. *Barsch v. Hammond,* 110 Colo. 441, 135 P. (2d) 519; *Hertz Driv-Ur-Self System, Inc. v. Hendrickson,* 109 Colo. 1, 121 P. (2d) 483; *Gossard v. Watson, et al.,* 128 Colo. 275, 261 P. (2d) 502.

We agree with the conclusion of the trial court that the injuries sustained by plaintiff were brought about by an intervening and independent cause and not by the alleged violation of the ordinance, if in fact there was such violation. Among the cases from other jurisdictions which support our conclusion are the following: *Corinti v. Wittkopp,* 355 Mich. 170, 93 N.W. (2d) 906; *Galbraith v. Levin,* 323 Mass. 255, 81 N.E. (2d) 560; *Anderson v. Theisen,* 231 Minn. 369, 43 N.W. (2d) 272.

The judgment dismissing the action as to Arthur Payton is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.