551 P.2d 602

Mary **JOYNER**, personal representative of Percy Joyner, Jr., Deceased, and as guardian ad litem of Yolette Joyner, minor daughter and sole heir of Percy Joyner, Jr., Plaintiff-Appellant,

v.

William B. **JONES** et al., Defendants-Respondents.

No. 12004.

Supreme Court of Idaho.

July 2, 1976.

Isaac McDougall, Pocatello, for plaintiff-appellant.

W. F. Merrill, of Merrill & Merrill, Pocatello, for defendants-respondents.

McFADDEN, Chief Justice.

This action arose out of the fatal shooting of Percy Joyner, Jr., while he was attending a party at the defendants-respondents' home in Pocatello. The defendants-respondents are William B. Jones and Mary B. Jones, husband and wife, and Mrs. Jones' daughter by a previous marriage, Monica Burke, 20 years of age, who lived with them at the time of the incident. Mary Joyner (plaintiff-appellant), the mother of Percy Joyner, as the personal representative of the decedent and as guardian ad litem for the deceased's minor daughter, instituted this action against the respondents. After the appellant filed her amended complaint, the respondents moved for summary judgment, which motion was based on the files and depositions of respondents Monica Burke and William Jones. The district court granted the respondents' motion; summary judgment for the respondents was entered and Mrs. Joyner appealed to this court. We affirm.

The statements in the respondents' depositions were not controverted. Miss Burke invited a group of her friends, including Percy Joyner, Jr., to the family residence one evening to visit and to listen to records. She did not serve any alcoholic beverages, although one guest did bring a bottle of whiskey with him. Mr. Jones returned home during the party, but did not participate and, instead, fell asleep on the couch; Mrs. Jones was in another city on the night of the party. Richard Woodward, although not invited, joined the party about midnight and Joyner arrived still later. In the course of a conversation, Woodward said that he had a gun (a handgun) loaded with blanks in his car, and went outside to get it. Burke locked the door behind Woodward when he left for the gun, but someone else permitted Woodward to reenter the residence, and Woodward brought the weapon with him. Burke and Joyner discussed the need to convince Woodward to put the gun outside or surrender it. Joyner then spoke with Woodward, during which conversation they did not exchange any angry words and at which time both appeared to be sober and alert. Joyner requested that Woodward either remove or surrender the gun and Joyner then apparently tried to take the gun from the other man. The gun discharged and Joyner was shot and fatally wounded.

■ The appellant first argues on appeal that at the time of the shooting Joyner had the status of an invitee, rather than a licensee, and that the respondents had a duty to warn him of the danger. Regardless of whether Joyner was an invitee or a licensee in the house at the time of the shooting, it is the conclusion of this court that the respondents had no duty to warn him of the potential danger attendant to Woodward's possession of the gun because any danger was as equally apparent to Joyner as to the respondents, and this danger was either known by him or so obvious and apparent as to charge him with knowledge of it. *Baker v. Barlow,* 94 Idaho 712, 496 P.2d 949 (1972); *Tafoya v. Fleming,* 94 Idaho 3, 479 P.2d 483 (1971); *Otts v. Brough,* 90 Idaho 124, 409 P.2d 95 (1965). Miss Burke's deposition, upon which all parties rely for a recitation of the incident, indicates that Joyner knew that Woodward had a handgun because Joyner approached Woodward to convince him to remove or surrender the weapon. A person who knowingly confronts another who has a gun should know of the dangerous capabilities of a gun and Joyner was in as good a position as Miss Burke to appreciate the danger that the gun posed. There is nothing in the record to show that Miss Burke had any knowledge not possessed by Joyner that the gun was not actually loaded with blanks.

■ Related to the issue of the obviousness of the danger, the appellant further contends that summary judgment in favor of the respondents was erroneous because of unresolved issues of material fact. Summary judgment is proper when the pleadings, depositions, etc. "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). The pleadings and depositions in the case at bar demonstrate that there is no genuine issue about the material fact that Joyner knew of the danger of Woodward's possession of the gun. The appellant contends that summary judgment was improper because the depositions did not reflect that Miss Burke had told Joyner about Woodward's actions earlier in the day, involving his drinking and previous incident of brandishing a gun. It is the conclusion of this court that any question about her disclosure of that information to Joyner was not about a material fact, because Burke's disclosure or nondisclosure of earlier events could not add to or detract from the obviousness of the danger that Joyner knowingly encountered. *Munson v. State, Dept. of Highways,* 96 Idaho 529, 531 P.2d 1174 (1975). The appellant further argues that a genuine issue remained about whether Joyner was an invitee or a licensee at the time of the shooting. However, as indicated above, it is the conclusion of this court that Joyner's knowledge of the danger rendered immaterial his status in the house.

The appellant secondly argues that the respondents, as landowners, were negligent as to Joyner in not protecting him from the actions of a third party, i. e., Woodward's shooting of Joyner. To support this assertion, the appellant emphasizes that cases from other jurisdictions hold a landowner negligent when he reasonably could have foreseen the act of the third party in injuring another and reasonably could have controlled the conduct of the third party or warned the person who was injured. *Samson v. Saginaw Professional Building, Inc.,* 393 Mich, 393, 224 N.W.2d 843 (1975); *Baum v. Reed College Student Body, Inc.,* 240 Or. 338, 401 P.2d 294 (1965). Assuming without deciding that Miss Burke reasonably could have foreseen that Woodward might shoot Joyner, this court nevertheless concludes that her failure to advise did not constitute negligence for two reasons. Firstly, Woodward was an uninvited person who was not under her control and, again, the obviousness of the danger eliminated the need to warn Joyner. Secondly, this case involved a third party who was an uninvited guest present in a private home. That factual pattern distinguishes the instant case from cases in

**650**

■■■■■■■■■■■

which the third party is a patron in a public place.

■■■■ However, even assuming that the respondents' failure to advise Woodward did constitute negligence, this court concludes that any such negligence was not the proximate cause of the injury. The respondents argue that Joyner's attempt to take the gun from Woodward was the proximate cause of the injury. An intervening, superseding cause of an injury can become the proximate cause and relieve any liability for the original negligence of another party when the intervening cause was unforeseeable, unanticipated, and not a probable consequence of the original negligence. *Dewey v. Keller,* 86 Idaho 506, 388 P.2d 988 (1964). Although foreseeability ordinarily is a question of fact, this court may rule upon the question of foreseeability as a matter of law when the undisputed facts can lead to only one reasonable conclusion. *Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.,* 97 Idaho 408, 546 P.2d 54 (1975). The appellant does not challenge Miss Burke's statement in her deposition that Joyner tried to take the gun from Woodward just before it discharged. Burke, Joyner, and another guest had discussed the need to convince Woodward to remove or surrender the weapon, but nowhere in the record is there the slightest suggestion that they discussed an attempt to take the gun from Woodward. Under these facts, it is the conclusion of this court that as a matter of law Joyner's attempt to take the gun was unforeseeable, unanticipated, and not a probable consequence of any action of the respondents.

Judgment affirmed. Costs to respondents.

DONALDSON and BAKES, JJ., and SCOGGIN, D. J. (Retired), concur.

SHEPARD, J., sat but did not participate.