629 P.2d 1168

**Dan GAMBLE, Plaintiff-Appellant, Cross-Respondent,**

v.

**Timothy KINCH, Defendant-Respondent, Cross-Appellant.**

No. 13320.

Supreme Court of Idaho.

June 17, 1981.

336

L. Kim McDonald of Smith & McDonald, Nampa, for plaintiff-appellant, cross-respondent.

M. Allyn Dingel, Jr., and Robert C. Hampton of Elam, Burke, Evans, Boyd & Koontz, Boise, for defendant-respondent, cross-appellant.

McFADDEN, Justice.

Dan Gamble, the plaintiff-appellant, instituted this action against Timothy Kinch, the defendant-respondent, to recover for property damage sustained when the plaintiff's automobile was struck by an automobile owned by the defendant and being driven by an unknown party. At the conclusion of the trial, the magistrate's division of the district court entered judgment in favor of the plaintiff. That judgment was appealed to the district court and from the district court's reversal of the magistrate's decision, the plaintiff appeals and defendant cross-appeals to this court.

The record discloses that the facts are not in dispute, and need only a brief review on appeal.

On the evening of January 22, 1977, the defendant and his girlfriend drove to a movie in a 1970 Plymouth Barracuda, which was registered in the name of the defendant and his father. After the movie, the defendant and his friend returned to the home of her parents in Nampa sometime between 10:00 and 11:00 p. m. While carrying personal belongings from the car into the house, the defendant discovered that the ignition key to his car was not in his possession. Assisted by his friend and with the aid of a flashlight, the defendant retraced his path from the car to the house in an attempt to locate the key. Since the door handles to the car had been removed and the doors could only be opened with a pry bar locked in the trunk of the car, the defendant then searched the interior of the car from its exterior with the aid of the

flashlight. The search proving to be fruitless, the defendant left the car parked on the residential street and retired for the evening at his friend's parents' home. Sometime after 3:30 a. m., on January 23, 1977, the defendant was awakened by a police officer, and informed that his car had been involved in a collision with three parked cars approximately eight blocks away. One of the vehicles struck and damaged in the collision belonged to the plaintiff. The police officer was satisfied that the defendant was not driving his car at the time of the collision even though the car keys were in the ignition at the accident scene. The car was apparently being driven by an unknown party.

 On appeal, the plaintiff argues that the defendant, by leaving the ignition key in his unattended car in violation of then in effect I.C. § 49–759,[1] had impliedly consented to the use of his car by an unknown thief and the negligence of the thief should be imputed to the defendant under I.C. § 49–1404.[2]

The magistrate court agreed with this theory and concluded as a matter of law that the defendant impliedly consented to the use of his vehicle by an unknown party on the singular finding that the defendant violated I.C. § 49–759. The magistrate's decision does not refer to any other circumstances from the record in support of the conclusion that the defendant impliedly consented to the use of his vehicle by an unknown party. The conclusion is contrary to the express bolding of this court in *Steele v. Nagel*, 89 Idaho 522, 406 P.2d 805 (1965), wherein we stated:

"The above-cited statute [I.C. § 49–759] in and of itself does not imply consent for an employee to use an vehicle owned by an employer and left unattended with the

key remaining in the ignition. This is not to say, however, that consent to use a vehicle might fairly be implied in the proper circumstances from the fact that keys are left in an unattended vehicle." 89 Idaho at 528, 406 P.2d at 808.

The district court therefore correctly reversed the magistrate's decision.

 The plaintiff also argued below and now on appeal that the defendant was negligent as a matter of law by leaving the ignition key to his car in its interior while unattended in violation of I.C. § 49–759. Neither the magistrate division nor the district court ruled on this matter.

Ordinarily, the omission of findings of fact and conclusions of law on an issue raised at trial will be corrected by a remand to the trial court for the application of the appropriate rules of law to the facts of the case. *Robinson v. Williamsen Idaho Equip. Co.*, 94 Idaho 819, 498 P.2d 1292 (1972). However, the issue of proximate cause may be decided as a matter of law when the undisputed facts can lead to only one reasonable conclusion. *Joyner v. Jones*, 97 Idaho 647, 551 P.2d 602 (1976); *Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.*, 97 Idaho 408, 546 P.2d 54 (1975). The evidence in the record before this court leads to only one reasonable conclusion: the acts of the unknown party in taking the car and then driving it negligently was an intervening force which constituted a superseding cause to the defendant's presumed negligence. The majority of jurisdictions which have considered the issue have also held as a matter of law that violation of statutes like I.C. § 49–759 cannot be the proximate cause of an accident arising from the intervening activity of an interloper who has taken the vehicle. *Lambotte v. Payton*, 147 Colo. 207,

1. I.C. § 49–759, subsequently recodified as I.C. § 49–701 in 1977, provided:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highways."

2. I.C. § 49–1404 provides in pertinent part:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

363 P.2d 167 (1961); *Dillner v. Maudlin*, 161 Ind.App. 204, 314 N.E.2d 794 (1974); *Ross v. Nutt*, 177 Ohio St. 113, 203 N.E.2d 118 (1964); *Felty v. City of Lawton*, 578 P.2d 757 (Okl.1977).

The foregoing discussion eliminates any need for the court to consider on defendant's cross appeal the additional issue of whether the magistrate's finding and conclusion that the defendant left the ignition key in the automobile is supported by sufficient evidence from the record.

Judgment affirmed. Request for attorney fees on appeal denied.

DUNLAP, J., pro tem., sat but did not participate.

DONALDSON, SHEPARD and BISTLINE, JJ., concur.