Glenn **LEPPKE** and Carol **Leppke**, Plaintiffs-Appellants,

v.

Robert G. **SEGURA**, Robert Segura, individually, and d/b/a Larriette Tavern, Marvin McNeely, individually and d/b/a Chateau Chaparral Lodge, Defendants-Appellees.

No. 80CA1131.

Colorado Court of Appeals, Div. II.

Aug. 6, 1981.

Eugene Deikman, P. C., William Peterson, Denver, for plaintiffs-appellants.

Petersen & Fonda, P. C., Lewis M. Quigg, David Crockenberg, Pueblo, for defendant-appellee Marvin McNeely.

Weller, Friedrich, Hickisch & Hazlitt, William H. Hazlitt, Denver, for defendant-appellee Robert G. Segura.

STERNBERG, Judge.

The issue in this appeal is whether one who voluntarily jump-starts an automobile for an obviously intoxicated person can be held liable to third persons for injuries sustained in a collision occurring shortly thereafter between their vehicle and the inebriated person's car which was being operated in a reckless manner. We conclude that liability may exist, and therefore, reverse the trial court's entry of summary judgment in favor of the defendants.

The pleadings and affidavits of the parties revealed the following facts. Shortly before midnight, one Verrill entered a bar owned and operated by defendant McNeely and asked to buy a drink. Discerning that Verrill was drunk, McNeely refused to serve him. When Verrill left the bar he discovered that his car would not start. He returned to the bar and at his request, McNeely had an employee provide a jump-start for the vehicle. Verrill drove away, parked, and entered another tavern where, once again, he was refused service. He returned to his car and again it would not start. Verrill requested the second tavern owner to jump-start the car, but the request was refused. He returned to the lot in which his car was parked, and encountered defendant Segura who owned and operated a third tavern, which had just been closed. Verrill asked him for a jump-start and Segura, using his own cables, complied.

Thereafter, while he was driving at a high rate of speed in the wrong lane on a highway, Verrill was involved in a collision with another automobile. The driver of

that car was killed, and a passenger, Glenn Leppke, was severely injured. A blood alcohol test produced a reading of .258, indicating that Verrill was intoxicated.

Leppke and his wife sued McNeely and Segura, contending that they were negligent in jump-starting Verrill's car. The defendants moved for summary judgment. The court granted that motion because it was "unaware of any doctrine imposing a legal duty upon defendants Segura or McNeely to plaintiffs merely by virtue of having used their battery jumper cables to get defendant Verrill's automobile started." We do not agree with this conclusion.

 The trial court reasoned correctly that a necessary element of this negligence action was the existence of a duty of care owed by these defendants to the plaintiffs. *Metropolitan Gas Repair Service, Inc. v. Kulik*, Colo., 621 P.2d 313 (1980); *Turner v. Grier*, Colo.App., 608 P.2d 356 (1979). Whether there is such a duty is a question of law to be determined initially by the trial court. *Metropolitan Gas Repair Service, Inc. v. Kulik, supra.*

The scope of the duty, as well as the existence thereof, is a question for the court. *Metropolitan Gas Repair Service, Inc. v. Kulik, supra.* The duty to exercise reasonable care extends only to foreseeable damages and injuries to foreseeable plaintiffs. *See Metropolitan Gas Repair Service, Inc. v. Kulik, supra.* The Leppkes' injuries and damages resulting from the head-on collision, as a matter of law, were foreseeable injuries and they were foreseeable plaintiffs; therefore, the defendants' duty extended to them for the relief which they seek.

*Restatement (Second) of Torts* § 320, Comment a, provides that "anyone who does an *affirmative act* is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act." (emphasis supplied) Here it is significant that, in providing a jump-start to Verrill's automobile, each defendant performed an affirmative act; this is not the same as a

situation where there is an effort to predicate liability on a defendant's failure to stop an individual who is already engaged in dangerous behavior. *Restatement (Second) of Torts, supra.*

Accordingly, we conclude that the trial court erred in concluding there was no duty of care and in entering summary judgment. Because a finder of fact could conclude that, by jump-starting an automobile for an obviously drunken driver, thus giving him mobility which otherwise he would not have had, one or both of the defendants set into motion a force involving an unreasonable risk of harm to others, plaintiffs are entitled to a jury determination of breach of duty. Also, the record reveals that there are issues, including those of concurrent causation and intervening cause, which must be resolved by the finder of fact.

The judgment is reversed and the cause is remanded for trial.

PIERCE and TURSI, JJ., concur.