Michael J. BARTLEY,
Plaintiff-Appellant,

v.

David Lee .FLOYD, and Skip's Liquors, Inc., Defendants-Appellees.

No. 83CA0265.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1984.

Rehearing Denied Dec. 27, 1984.

Certiorari Granted (Floyd and Skip's Liquors) April 15, 1985.

Horn, Anderson & Johnson, Gregory L. Johnson, Colorado Springs, for plaintiff-appellant.

Bailey & Robinson, R. Dennis Lambrecht, Colorado Springs, for defendant-appellee Skip's Liquors, Inc.

Tegtmeier & Sears, P.C., Lance M. Sears, Colorado Springs, for defendant-appellee David Lee Floyd.

TURSI, Judge.

Plaintiff, Michael J. Bartley, appeals from summary judgments for defendants, David L. Floyd and Skip's Liquors, Inc. We reverse.

Plaintiff was severely injured when the motorcycle he was riding collided with an automobile making a U-turn. The automobile was being driven by Edward E. Herbert, who is not a party to this appeal. Floyd was a passenger in the car.

From the depositions, there was evidence before the trial court that Herbert and Floyd, both 17 years of age, pooled their money to buy two six-packs of beer from Skip's. Herbert drove to Skip's and parked in front. Floyd purchased the beer, and returned to the vehicle. They drove to a park and, with two other friends, consumed the beer. The collision involved in this matter occurred as they left the park.

On appeal, plaintiff contends that questions of material fact exist concerning the liability of Floyd and Skip's. We agree.

The violation of a statute adopted for the safety of the public is negligence *per se* if it is established that such statute was enacted to protect persons such as plaintiff, and if such violation was a cause of the injury. *Lambotte v. Payton*, 147 Colo. 207, 363 P.2d 167 (1961); *Crespin v. Largo Corp.*, (Colo.App. No. 82CA0950, June 14, 1984).

Section 12–47–128(1)(a), C.R.S. (1978 Repl.Vol. 5) states as follows:

"It is unlawful for any person:

(a) To sell, serve, give away, dispose of, exchange, or deliver or permit the sale, serving, giving, or procuring of any malt, vinous, or spirituous liquor to or for any person under the age of twenty-one years ...."

A violation of this statute may constitute negligence *per se* and, thus, may be a breach of the duty of due care. *Crespin v.*

*Largo Corp., supra.* Here, Skip's did violate the statute and thus did breach its duty to the public.

The duty to exercise reasonable care extends to those who could reasonably be foreseen as being subject to injury as a result of the lack of such care. *Leppke v. Segura,* 632 P.2d 1057 (Colo.App.1981). Skip's, however, contends that it is unforeseeable, as a matter of law, that a 17-year-old who has just purchased two six-packs of beer will share it with friends, one of whom may be driving. We reject this contention. The question of whether it was unforeseeable that the breach by Skip's caused damage to plaintiff's legally protected interest is one of fact and must be submitted to a factfinder. *Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980); *Leppke v. Segura, supra.*

Here, there was deposition testimony that Floyd gave beer to the minor driver in violation of § 12–47–128(1)(a), C.R.S. (1978 Repl.Vol. 5). Thus, as with Skip's, there was an unresolved question of fact whether Floyd's violation of the statute was a cause of plaintiff's injuries, and the trial court erred in granting summary judgment as to Floyd.

Therefore, the judgment is reversed, and the cause is remanded to the trial court for reinstatement of plaintiff's complaint as to Floyd and Skip's, and for further proceedings consistent with the views expressed herein.

PIERCE, J., concurs.

SMITH, J., dissents.

SMITH, Judge, concurring in part and dissenting in part.

I concur with the majority's view that the violation by Floyd of § 12–47–128(1)(a), C.R.S., in giving beer to the minor driver, Herbert, constitutes negligence per se *if* Herbert's drinking of the beer was a cause of plaintiff's injuries.

By prohibiting the dispensation of alcoholic beverages to minors, the General Assembly has recognized that, lacking the experience and judgment of an adult, a minor may, as a result of consuming the beverage, cause injury to himself or others. It therefore has imposed a duty, the breach of which is not only a crime, but also violates the duty of care the supplier owes to the minor himself or members of the public who may suffer injury because of the minor's consumption of the alcoholic beverage. It is therefore the consumption of the beverage by the minor and the resulting injury that makes the statutory breach of duty actionable in tort.

It is for this reason that I dissent to that portion of the majority's holding that the violation by Skip's of its statutory duty makes it liable if such breach "caused damage to Bartley's legally protected interest." Skip's did not sell the beer Herbert, the minor whose driving injured the plaintiff.

If the minor of whom Skip's had knowledge and to whom it sold the beer had, as a result of his consumption, caused the injury, Skip's would have indeed been liable. However, the rule adopted today by the majority would make one who supplies beer to a minor liable for the actions of *anyone* to whom that minor might ultimately give or sell the beer, minor or adult.

To hold the supplier liable for the actions of the minor to whom it sold beer and of whom it had knowledge makes sense on the theory that it was charged with knowledge that such minor would consume the beer. But to hold it liable because a third person, unknown to the supplier, consumes it and as a result causes damage goes, in my view, far beyond the duty imposed by the statute. The majority's rule would make Skip's liable even if Floyd had given the beer to an adult to whom Skip's might have directly sold the beer with impunity.

Therefore, although I agree with the majority's reversal as to Floyd, I would affirm as to the dismissal of Skip's.