# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00220-SCT

*SOUTHERN HERITAGE INSURANCE COMPANY, DR. T. PALMER WILKS, TRUITT PALMER WILKS, JR. AND LOU ANN WILKS SPARKMAN*

*v.*

*C. E. FRAZIER CONSTRUCTION COMPANY, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/4/2001 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WALTER E. WOOD |
| ATTORNEYS FOR APPELLEE: | PATRICIA H. COTTINGHAM |
| | LAURIE R. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 3/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/28/2002 |

### BEFORE PITTMAN, C.J., EASLEY AND GRAVES, JJ.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. Southern Heritage Insurance Company brought this negligence action against C.E. Frazier Construction Company, Inc., in the Circuit Court of Hinds County in subrogation of the rights of its insured, Peggy Wilks. Wilks was killed at the intersection of Ridgewood Road and Ridgewood Court when the vehicle she was driving was struck by a Toyota Land Cruiser driven by a car thief who ran a red light while being chased by Ridgeland police. The stolen vehicle was owned by Frazier Construction. The circuit court, Judge Tomie Green presiding, granted Frazier Construction's motion to dismiss holding the theft of Frazier Construction's vehicle was an intervening superseding cause of Wilks's death. Southern Heritage appeals this ruling of the court.

## FACTS

¶2. One morning, Clayton Frazier, an employee of Frazier Construction, left the keys to a Toyota Land Cruiser owned by Frazier Construction in the ignition of the vehicle while he delivered some papers to an architectural firm on North President Street in Jackson, Mississippi. During the approximately five minutes Frazier was in the office, Misty Dawn Joyce seized the opportunity and stole the Land Cruiser. That afternoon, Peggy Wilks was crossing Ridgewood Road through a green light when the Land Cruiser Joyce was driving struck her car violently on the driver's side. Joyce was fleeing pursuit by the Ridgeland police and had crossed into an oncoming lane of traffic to run the red light she faced. Wilks was killed in the collision, and Joyce was arrested. Southern Heritage filed this lawsuit on behalf of its insured, Wilks, claiming Frazier Construction was liable for the negligence of its employee, Clayton Frazier, who was acting

within the scope of his employment. Frazier Construction moved for dismissal, citing ***Permenter v. Milner Chevrolet Co.***, 229 Miss. 385, 91 So. 2d 243 (1956). The trial court granted dismissal with prejudice, and Southern Heritage now appeals.

## STANDARD OF REVIEW

¶3. When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. ***Arnona v. Smith***, 749 So. 2d 63, 65 (Miss. 1999); ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995). This Court reviews questions of law de novo. ***Arnona***, 749 So. 2d at 65.

## DISCUSSION

¶4. Southern Heritage is asking this Court to reconsider and overturn its holding in ***Permenter,*** reverse the dismissal, and remand the case to the trial court for trial on the merits. In ***Permenter***'s stead, Southern Heritage asks the Court to adopt the holding of ***Ross v. Hartman***, 139 F.2d 14 (D.C. Cir. 1943). Both cases are discussed below.

¶5. ***Permenter*** is almost factually identical to the case sub judice. A car thief helped himself to a new car owned by a car dealership and sitting in front of the dealership's car lot with the keys in the ignition. ***Permenter***, 229 Miss. at 388-89, 91 So. at 243-44. Later that day, the thief drove the car through a red light and into the car driven by Permenter, injuring him. ***Id.*** Considering those facts, this Court held that even though the automobile dealership may have been negligent in leaving the keys to the car in its ignition, in violation of § 8219, Code of 1942, the act of the car thief in running the red light and colliding with Permenter was an intervening agency which caused the accident and superseded the original act of negligence. 229 Miss. at 404, 91 So. at 252. The trial court's dismissal of the dealership was affirmed. ***Id.***

¶6. The facts of ***Ross*** are also similar to the present case. A garage mechanic left the keys in the ignition to a truck in a public alley outside the garage intending it to be brought inside for night storage later. ***Ross***, 139 F.2d at 14. Within two hours, the truck was gone and the thief had struck a pedestrian. ***Id.*** The United States Court of Appeals for the District of Columbia held that dismissal was improper because the mechanic left the keys in the ignition in violation of a Washington, D.C., ordinance. ***Id.*** at 15. The court further stated that such negligence created the hazard that the truck would be stolen and would strike the pedestrian and was therefore a legal or proximate cause of the injury. ***Id.*** The court ultimately found that leaving the keys in the ignition to the truck constituted negligence too obvious for submission to the jury and reversed the lower court's grant of dismissal. ***Id*** at 16. The conduct of the car thief was immaterial as the mechanic's negligence created the risk a third party would act improperly. ***Id.***

¶7. What distinguishes ***Permenter*** from ***Ross*** is that while both courts agreed that leaving the keys in the ignition of an unattended car in violation of law constitutes negligence, the ***Ross*** court went further, holding the owner of the car liable as a matter of law for injuries caused by the third-party thief. ***Permenter*** actually considered ***Ross*** and found it to be against the great weight of authority in the country. ***Permenter***, 229 Miss. at 389, 91 So. at 244. While the case law in this area has undergone some evolution, the majority of the jurisdictions in this country still follow the reasoning in ***Permenter***.

¶8. The Mississippi statute prohibiting the leaving of keys in the ignition of an unattended car examined in

*Permenter* was Section 8219 of the Code of 1942 which, in its current codification, states in full:

> No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, and, when standing upon any perceptible grade, without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway.

Miss. Code Ann. § 63-3-909 (1996). Statutes of this type are hereinafter referred to as "key-in-ignition" statutes. Of the other jurisdictions cited by this Court in *Permenter*, Louisiana has maintained the rule that theft of an unattended car with keys in the ignition is an intervening agent cutting off liability for negligently leaving the keys in the ignition. *DeCasto v. Boylan*, 367 So. 2d 83 (La. Ct. App. 1979). At the time of the *Permenter* decision, Louisiana did not have a key-in-ignition statute. However one is now found at Louisiana Rev. Stat. Ann. 32:145 (2001), and it is identical to Mississippi's key-in-ignition statute. The *DeCastro* decision took this statute into account when it determined that the car owner was not liable. *DeCastro*, 367 So. 2d at 84. Other states have been presented with the opportunity to interpret their key-in-ignition statutes and have reached the same result

¶9. Alabama, Colorado, Georgia, Idaho, Indiana, Maryland, North Carolina, Ohio, Oklahoma, Rhode Island, South Carolina, and Washington, when interpreting key-in-ignition statutes similar-if not identical-to Mississippi's, reached the same conclusion as this Court in *Permenter*. *See Vines v. Plantation Motor Lodge*, 336 So. 2d 1338 (Ala. 1976); *Lambotte v. Payton*, 363 P.2d 167 (Colo. 1961); *Long v. Hall County Bd. of Comm'rs*, 467 S.E.2d 186 (Ga. Ct. App. 1996); *Gamble v. Kinch*, 629 P.2d 1168 (Idaho 1981); *Dillner v. Maudlin*, 314 N.E.2d 794 (Ind. Ct. App. 1974) (the statute has since been repealed); *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.*, 642 A.2d 219 (Md. 1994); *Spurlock v. Alexander*, 468 S.E.2d 499 (N.C. Ct. App. 1996); *Pendrey v. Barnes*, 479 N.E.2d 283 (Ohio 1985); *Merchants Delivery Serv., Inc. v. Joe Esco Tire Co.*, 533 P.2d 601 (Okla. 1975) (*but see Felty v. City of Lawton*, 578 P.2d 757 (Okla. 1977) (theft of car with keys in ignition and injury to another can be foreseeable in special circumstances)); *Keefe v. McArdle*, 280 A.2d 328 (R.I. 1971); *Stone v. Bethea*, 161 S.E.2d 171 (S.C. 1968); *Pratt v. Thomas*, 491 P.2d 1285 (Wash. 1971); *Meihost v. Meihost*, 139 N.W.2d 116 (Wis. 1966). Michigan, Pennsylvania, and Utah also follow this rule. *See Terry v. City of Detroit*, 573 N.W.2d 348 (Mich. Ct. App. 1997); *Liney v. Chestnut Motors, Inc.*, 218 A.2d 336 (Pa. 1966); *Rollins v. Petersen*, 813 P.2d 1156 (Utah 1991) (*but see Cruz v. Middlekauff Lincoln-Mercury, Inc.*, 909 P.2d 1252 (Utah 1996) (allowing for a common law cause of action against the car owner)).

¶10. After reviewing how other jurisdictions have addressed the problem, we find the larger number of jurisdictions still favor the view that the negligent driving of the car thief operates as an intervening cause which supersedes the liability of the car owner who negligently leaves the keys in the ignition of the car. We are of the opinion that the general public should be assumed to obey the laws and not appropriate for themselves vehicles they do not own, even where the key is left in the ignition of the vehicle. Where a thief acts unlawfully and steals the vehicle, the thief's negligent and unlawful driving of the vehicle after the theft constitutes an intervening act which supersedes the liability of the negligent owner of the vehicle.

¶11. The facts in the present case are thus "on all fours" with our established and well-reasoned precedent, *Permenter*. We decline to overrule its holding. The trial court's ruling is correct as Southern Heritage cannot offer nor prove any set of facts which support its claim of negligence.

# CONCLUSION

¶12. This Court affirms the trial court's dismissal. The actions of Misty Dawn Joyce in driving the stolen Land Cruiser negligently through a red light in an oncoming lane of traffic while fleeing at high speeds the pursuit of the Ridgeland police constitute an intervening act which supersedes the negligence of Frazier Construction's employee, Clayton Frazier. Even though Frazier's leaving the keys in the ignition to the Land Cruiser for the five minutes he stepped inside the architectural firm might constitute negligence, his and his employer's liability ended when Joyce drove negligently into the vehicle being driven by Wilks. Therefore, the judgment of the Hinds County Circuit Court is affirmed.

¶13. **AFFIRMED.**

**McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY.**