McMILLIN, C.J.,
for the Court.
¶ 1. Jodie Harrington filed suit against two individuals and one corporation after he was seriously injured in a motor vehicle accident that occurred when, at about 9:00 p.m. on the evening of May 27, 2000, he struck an unlighted front-end loader that was blocking his lane of travel. Harrington settled his claim against the individual who had placed the machine in the roadway; however, the circuit court granted summary judgment in favor of the two remaining defendants. They were the corporation that owned the loader and the president of that corporation. It is from that grant of summary judgment that Harrington has appealed, contending that there were a number of material disputed issues of fact regarding his claim that could only be resolved by a jury. We find that summary judgment was proper and affirm the decision of the circuit court.
I.
Facts
¶ 2. We have already set out in summary fashion the facts regarding the accident itself. The following additional facts are necessary for an understanding of the issues raised by Harrington in this appeal.
¶ 3. Kendall Daughdrill’s residence was across the highway from a business operated under the name of L & B Wood, Inc. (hereafter “L & B”). L & B is a Mississippi corporation, and Mickey Berry is the president of the corporation. L & B, at all times relevant to this case, was the owner of a large loader used in its business that was stored on the corporate property across from Daughdrill’s property when it was not in use.
¶4. At some time in the past, Mickey Berry had observed Daughdrill attempting to remove a tree damaged in a storm and, in the role of a good neighbor, sent one of his employees to the property with a tractor to assist Daughdrill in removing the tree.
¶ 5. On the night of the accident that is the subject of this case, Daughdrill had accidentally driven his truck into a ditch on the side of the highway a short distance from his home. Unable to get the truck out of the ditch, Daughdrill went to L & B’s yard at a time when the business was closed. He attempted to get the same tractor that had been used earlier to move the tree in his yard, but he found that there was no key to crank the tractor. He was able to crank the loader which was also stored on the lot, and he drove the loader to the location of his truck. In preparation to hook a chain from his truck to the loader and then use the loader to pull his truck out of the ditch, Daughdrill positioned the loader across one lane of travel of the highway despite the fact that it was approximately 9:00 at night and the loader had no lighting system or reflectors. As Daughdrill continued in the process of chaining his truck to the loader, Harrington, traveling in his proper lane of travel, struck the loader with his vehicle and sustained substantial physical injuries.
¶ 6. Harrington brought suit against L & B on the theory of negligent entrustment or the failure to adequately secure such a dangerous instrumentality from unauthorized use. Essentially the same claims were asserted against Mickey Berry by *593 virtue of his role as president of L & B, except that the complaint further asserted that Berry was negligent in failing to install adequate lighting and reflectors on the loader.
¶ 7. It is undisputed that Daughdrill neither sought nor obtained permission from Berry or any other representative of L & B before removing the loader from L & B’s lot and taking it to the location where he hoped to use it to pull his truck from the ditch. The trial court, in concluding that summary judgment was appropriate, found that under these facts there was no legitimate disputed issue of fact as to whether Daughdrill’s use of the equipment was permissive.
II.
Discussion
¶ 8. Summary judgment is appropriate in the circumstance where, based on undisputed issues of fact, the moving party is entitled to judgment as a matter of law. M.R.C.P. 56; City of Starkville v. 4-County Elec. Power Ass’n, 819 So.2d 1216, 1220(¶ 8) (Miss.2002). When summary judgment is granted, our court reviews that determination de novo, based upon our consideration and analysis of the same evidence and information considered by the trial court. Id.
¶ 9. Harrington, in his brief to this Court, raises a single issue, namely, that there were disputed material issues of fact regarding his claim against L & B and Berry that could only be resolved by a jury sitting as fact-finder after a full trial of the issue. While his brief raises this single legal issue, Harrington proceeds to list nine separate facts which he contends are both unresolved and material to the validity of his claim. Based upon our review of Harrington’s brief and after considering matters presented to the Court in the oral argument of this case, we remain unconvinced that Harrington has effectively countered the threshold determination of the trial court that, based on the uncon-troverted facts relating to the manner in which Daughdrill went into possession of the loader, he could not as a matter of law be found to have been a permissive user of the equipment. Because essentially all of Harrington’s various theories of recovery against L & B and Berry begin with the proposition that Daughdrill’s use of the loader was permissive, simple logic dictates that they remain immaterial and, thus, not an impediment to summary judgment so long as the threshold issue of permissive use remains uncrossed. We note that Harrington advances one alternative theory of liability not based on permissive use which we will discuss later in this opinion. It is enough to say at this point that we conclude that summary judgment was appropriate on that alternate theory also.
¶ 10. Harrington’s contention in support of his claim that his use of the loader was permissive depends on essentially two lines of argument. They are (a) that, at some point several years in the past, Berry had sent a piece of equipment across the road to assist Daughdrill in removing a storm-damaged tree from his yard as an act of neighborliness, and (b) that a general spirit of good neighborliness prevailed in the area — as evidenced by this past act of kindness — which led Daughdrill to conclude, in his own mind, that Berry, as the official representative of L & B, would not mind if he borrowed the equipment to extract his truck from the ditch.
¶ 11. We agree with the trial court that, even accepting all of Harrington’s contentions as true, they would not, as a matter of law, support the proposition that his unilateral act of removing L & B’s equipment for his own use without any effort to *594 contact a company representative and ■without any evidence that this was a customary or accepted practice acquiesced in by L & B could arguably be considered to be permissive.
¶ 12. In the list of nine disputed issues of material fact found in the appellant’s brief, this contention appears as number seven. Because we find his contention to be without merit, two of the remaining eight allegedly disputed issues of fact become irrelevant. Those, listed as numbers five and eight, involve contentions that the equipment taken by Daughdrill was not properly equipped for the use Daughdrill intended and that his manner of using it was inherently dangerous. While both contentions may, as to a claim against Daughdrill, be relevant and material, so long as his use remains non-permissive, they do not give rise to a justiciable claim against L & B based solely on the fact that it owned the equipment and nothing more.
¶ 13. Alternatively, Harrington has contended that, even assuming Daughdrill’s use of the equipment was non-permissive, L & B and Berry are liable for their negligence in failing to secure the loader in such a manner as to prevent its unauthorized use by third parties. The Mississippi Supreme Court has, as recently as 2002, unanimously adopted the principle that the unauthorized use of a vehicle acts as “an intervening act which supersedes the negligence of’ the owner when that alleged negligence consists solely of failure to take precautions to prevent such unauthorized use. Southern Heritage Ins. Co. v. C.E. Frazier Const. Co., Inc., 809 So.2d 668, 672(¶ 12) (Miss.2002). In that case, a thief had taken a Toyota motor vehicle after the driver had left the keys in the ignition while he was momentarily out of the vehicle delivering some papers. Id. at 669(112). The thief later caused a collision when he drove through a red light and struck another vehicle. Id. Though there is no contention in this case that Daughdrill committed an act of larceny in removing the loader from L & B’s property, we conclude that the underlying common principle in both the case before us and in the Southern Heritage case is that the use which caused the injury was without the actual or implied permission of the owner so long as the use was not permissive. On that basis, we are satisfied that the precedent established in Southern Heritage compels us to the conclusion that this alternate theory of liability is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.