RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Two vehicles struck multi-ton counterweights owned by Mitchell Crane Services, Inc., which were on the traveled portion of Interstate 59 in Pearl River County. The accident occurred on July 25, 1999, at night. The occupants of the two vehicles sued Mitchell Crane. During the liability phase of a bifurcated trial, the jury found that a thief was seventy-five percent responsible, and Mitchell Crane was twenty-five percent responsible for any damages. The trial court denied Mitchell Crane’s motion for judgment notwithstanding the verdict (JNOV). At the conclusion of the damages trial, the jury returned a verdict in favor of Patricia Page and the other plaintiffs (Page), in the amount of $2,357,406.80. The judgment was reduced by the trial court to $1,178,703.40 pursuant to Mississippi Code Section. § 85-5-7(2). Mitchell Crane renewed its motion for JNOV, which was denied. Mitchell Crane appealed, and Page cross-appealed. We reverse the judgment of the trial court.

FACTS

¶ 2. Mitchell Crane was in the business of selling and renting cranes. On Friday afternoon, July 23, 1999, a Mitchell Crane employee picked up a “pull truck” from a repair shop. The truck previously had been loaded with crane counterweights. He drove the truck back to the Mitchell Crane lot, located in Meridian, Mississippi, where he parked it, took the keys out, locked the door, and placed the keys in the key box inside an office. The truck and counterweights were to be used at a job requiring an eighty-ton crane at Slay Steel in Meridian on Monday morning. The counterweights were left on the truck over the weekend.
*31 ¶ 3. At approximately 10:00 p.m. on Sunday night, July 25, 1999, the plaintiffs, in two separate vehicles, struck objects in the road, later identified as counterweights,[1] which were strewn across 1-59 South. One vehicle was driven by Melvin Page, and was occupied by Patricia Page, Corrine Page, Tiffany Page, Sharrod Page, Justin Page, Jeremy Page, Jermaine Page, and David Williams, a family friend. The other vehicle was driven by Christopher Aronhalt and passengers Krystle Miller, Brandi Henricks, and Paul Lee. Despite extensive damage to both of the vehicles, all of the occupants survived, albeit not without serious injuries. One of the investigating officers, along with Melvin, traveled to a nearby truck stop at Slidell, Louisiana, but could not find the truck that had carried the counterweights.
¶ 4. On Monday morning, July 26, 1999, a Mitchell Crane employee who had arrived for work at the Meridian lot reported to Walt Marcello, the president of Mitchell Crane, that the truck and counterweights were missing. After contacting other employees to see if they knew the location of the truck, Marcello filed a stolen-vehicle report with the police. Later in the week, Marcello was informed that the counterweights had been found and had been involved in an accident.
¶ 5. The truck, without the counterweights, was found abandoned in a hotel parking lot, located off Interstate 10, in Ocean Springs on September 1, 1999. The interior of the truck was trashed, and the straps on the back deck were broken. Exterior damage revealed a broken hood strap, paint chipped underneath the driver door, and a cut wire hanging from the engine. On September, 13, 1999, Page filed a lawsuit against Mitchell Crane, alleging that Mitchell Crane employees were operating the truck at the time of the collisions. Alternatively, Page pleaded that if the truck was stolen, Mitchell Crane had a duty to prevent unauthorized persons from stealing the vehicle. Upon the request of Mitchell Crane, the trial was bifurcated.
¶ 6. Trial testimony of Mitchell Crane employees established that any time an eighty-ton crane was moved, Mitchell Crane had to request a permit from the Mississippi Department of Transportation. Although a permit is not necessary to transport counterweights, the counterweights were moved only with the cranes. Mitchell Crane employees further testified that it was illegal to transport cranes on Sunday. Although Mitchell Crane had performed jobs in Louisiana on a few occasions previously, no work was scheduled to be performed in Louisiana the weekend or week of the accident.
¶ 7. Officer Ronnie Turan testified that “it is fairly common and routine that equipment like [the' pulltruck] is stolen in the state of Mississippi.” Due to the “substantial foreign market for these kinds of vehicles,” Officer Turan testified that “sophisticated” thieves were able to get these kinds of vehicles off a lot “in a matter of minutes.”
¶ 8. Page’s expert Ronald Bredemeyer opined that a thief would need sophisticated equipment like pre-made jumper wires; and, even if a thief did hot-wire the truck, it would have been able to travel at only thirty to forty miles per hour due to the electrical system. However, on cross-examination, he admitted that a sophisticated thief could hot-wire the truck, and, further, that he had he never inspected the truck. Based on pictures, Bredemeyer also testified that Mitchell Crane was not strapping down the counterweights with *32 large enough straps, thus violating federal regulations. However, Bredemeyer further admitted on cross-examination that the federal regulations apply only when the vehicle is traveling on the road, not when it is parked on a lot. Thus, if the thief was driving the truck, the thief, not Mitchell Crane, would have been in violation of failing to properly secure the counterweights.
¶ 9. At the conclusion of Page’s case-in-chief, Mitchell Crane moved for a directed verdict stating that the evidence showed that the truck was stolen; thus, Page had failed to prove that a Mitchell Crane employee had operated the truck just before the collisions and could not satisfy the proximate-cause element of their claim. The trial court overruled Mitchell Crane’s motion for directed verdict. After Mitchell Crane concluded its defense, the parties rested. The jury returned a verdict in favor of Page, apportioning seventy-five percent of fault to the thief and twenty-five percent of fault to Mitchell Crane. Thereafter, the trial court denied Mitchell Crane’s motion for JNOV, and the damages phase was tried five years later.
¶ 10. After the trial court entered final judgment, it again denied Mitchell Crane’s renewed motion for JNOV. Mitchell Crane then filed a notice of appeal, and Page filed a cross-appeal.

ANALYSIS

¶ 11. Although the parties assign a multitude of errors, this Court addresses only one, for it is dispositive. That issue is whether the trial court erred in denying Mitchell Crane’s motion for JNOV. We review the denial of judgments notwithstanding the verdict as follows:
[T]his Court will consider the evidence in the light most favorable to the appel-lee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.
Reese v. Summers, 792 So.2d 992, 996 (Miss.2001) (quoting Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997)).
¶ 12. The jury returned the following verdict form: “[w]e, the jury, find in favor of the plaintiffs, and apportion fault as follows: 1. Mitchell Cranes Services, Inc. = 25% 2. Thief = 75%.” Mitchell Crane moved for JNOV. Mitchell Crane argued that the thief was an intervening, superseding cause, absolving it of liability. Mitchell Crane renewed its JNOV motion after the damages phase.
¶ 13. This Court has held that a person is not liable where the original negligence “only furnished the condition or occasion from which the injuries were received, but it did not put in motion the negligence and wrongful agency that caused the injury” Hoke v. W.L. Holcomb & Assocs., Inc., 186 So.2d 474, 476-77 (Miss.1966). Addressing this very issue, this Court in Pennenter, noting the great weight of authority across the nation, stated:
if an independent intervening agency was the proximate cause of the injury inflicted, the plaintiff can not recover upon the original act of negligence, we are of the opinion that even though the appellee in this case may have been guilty of negligence in violating the stat *33 ute prohibiting the leaving of a car unattended with the key in the switch, nevertheless the act of the thief in running a red light at a reckless rate of speed was an intervening agency which caused the accident complained of and superseded the original act of negligence of the ap-pellee.
Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243, 252 (Miss.1956).
¶ 14. Other cases make it clear that the act of a thief is an intervening and superseding cause. Southern Heritage Ins. Co. v. C.E. Frazier Constr. Co., Inc., 809 So.2d 668, 672 (Miss.2002); Harrington v. L & B Wood, Inc., 883 So.2d 591, 594 (Miss.Ct.App.2004). In Southern Heritage, we followed Permenter and held that “[w]here a thief acts unlawfully and steals the vehicle, the thief s negligent and unlawful driving of the vehicle after the theft constitutes an intervening act which supersedes the liability of the negligent owner of the vehicle.” Southern Heritage, 809 So.2d 668, 672 (Miss.2002).
¶ 15. Page offered a modicum of possibilities of why a Mitchell Crane employee could have been operating the truck just before the collisions. However, the trial judge allowed the case to go to the jury and denied Mitchell Crane’s motion for directed verdict. The jury, after considering the evidence, found that the truck had been stolen, assessing the thief with seventy-five percent fault. Given a jury finding that a thief stole the truck, the trial court erred by not applying our controlling law and granting Mitchell Crane’s original motion for JNOV. Since the trial court erred by not granting Mitchell Crane’s motion for JNOV on liability, discussions of the other issues raised would serve no purpose. We reverse the judgment of the Pearl County Circuit Court and render judgment for Mitchell Crane Services.
¶ 16. ON DIRECT APPEAL: REVERSED AND RENDERED. ON CROSS-APPEAL: REVERSED AND RENDERED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. The counterweights varied in weight from approximately one to three-and-a-half tons.